UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
THE NATIONAL RETIREMENT FUND and the :
BOARD OF TRUSTEES OF THE NATIONAL :  Civil Action No.: 1:24-cv-09902
RETIREMENT FUND, each on behalf of the :
Legacy Plan of the National Retirement Fund, :
  :
    *Plaintiffs*, :
  :
        -vs- :
  :
SAFRAN SA, SAFRAN USA, INC., FAN :
BLADE ASSOCIATES, INC., SAFRAN :
AEROSPACE COMPOSITES, LLC, SNECMA :
PARTICIPATIONS, INC., SAFRAN POWER :
UNITS SAN DIEGO, LLC, SAFRAN POWER :
UNITS USA, LLC, SAFRAN HELICOPTER :
ENGINES USA, INC., SAFRAN LANDING :
SYSTEMS KENTUCKY, LLC, SAFRAN :
LANDING SYSTEMS WHEEL & BRAKE :
SERVICES, LLC, SAFRAN LANDING :
SYSTEMS SERVICES MIAMI, INC., :
LABINAL INVESTMENTS, LLC, SAFRAN :
ELECTRICAL & POWER USA, LLC, SAFRAN :
POWER USA, LLC, SAFRAN ELECTRICAL :
COMPONENTS USA, INC., OPTICS 1, INC., :
SAFRAN ELECTRONICS & DEFENSE, :
AVIONICS USA, LLC, SAGEM USA, INC., :
SAFRAN DATA SYSTEMS INC., IDD :
AEROSPACE CORP., SAFRAN TRUSTED 4D, :
INC., TALEN-X, INC., OROLIA :
GOVERNMENT SYSTEMS, INC., AVOX :
SYSTEMS INC., AIR CRUISERS COMPANY, :
LLC, ENGINEERED ARRESTING SYSTEMS :
CORPORATION, SAFRAN AEROSYSTEMS :
SERVICES AMERICAS, LLC, SAFRAN :
CABIN STERLING, INC., SAFRAN CABIN :
GALLEYS US, INC., SAFRAN CABIN :
MATERIALS, LLC, SAFRAN CABIN INC., :
SAFRAN CABIN BELLINGHAM, INC., :
SAFRAN SEATS USA, LLC, SAFRAN :
VENTILATION SYSTEMS USA, LLC, :
NORTHWEST AEROSPACE :
TECHNOLOGIES, INC., GREENPOINT :

```
TECHNOLOGIES, INC., SAFRAN          :
PASSENGER INNOVATIONS, LLC, MAG     :
AEROSPACE INDUSTRIES, LLC, and JOHN :
DOES 1-10 (all trades or businesses under :
common control with Pioneer Aerospace :
Corporation that have not filed for bankruptcy), :
                                    :
                    Defendants.     :
-------------------------------------------------------------x
```

## STIPULATED CONFIDENTIALITY AGREEMENT

Plaintiffs, the National Retirement Fund and the Board of Trustees of the National Retirement Fund, each on behalf of the Legacy Plan of the National Retirement Fund, and Defendants, Safran SA et al. (collectively, the "Parties"), through their respective counsel, enter into this Stipulated Confidentiality Agreement (the "Agreement") to protect the legitimate interests of the Parties or other persons (including non-parties) in maintaining the confidentiality of certain proprietary or sensitive information that may be disclosed during the course of the above-captioned proceedings. Accordingly, the Parties and their undersigned counsel hereby stipulate and agree:

1. <u>Discovery Materials</u>. All documents, materials, deposition testimony, affidavits, answers to interrogatories, responses, or other information made available during the course of the above-captioned proceedings, which contain or comprise confidential, sensitive or proprietary business, financial, personal, personnel, trade, technical, research, development or commercial information (collectively "confidential and/or proprietary information") produced or filed with the Court or produced or served either by a Party or by a non-party to or for any of the Parties (collectively "Discovery Materials"), and designated as such in good faith by the producing or filing party or non-party in accordance with Paragraphs 2 through 5 herein, as applicable, shall be governed by this Agreement.

2

2. <u>Confidential Discovery Materials</u>. Any party to the above-captioned proceedings or any other person (including non-parties) that provides Discovery Materials or serves or files any papers in these proceedings may designate such materials as "Confidential." Any party to the above-captioned proceedings also may designate as "Confidential" any Discovery Materials produced by any other party or person (including non-parties). A designation of "Confidential" shall constitute a representation by the party or person and its counsel that they, in good faith, believe that the material so designated contains or constitutes: (a) confidential and/or proprietary information; or (b) other information which is properly the subject of a protective order pursuant to Rule 26(c) of Federal Rules of Civil Procedure. Discovery Materials designated Confidential shall be accorded the protections referred to in Paragraphs 6 through 8 of this Agreement.

3. <u>Designation of Documents And Other Discovery Materials as Confidential</u>. Documents, portions of documents, affidavits, answers to interrogatories, and other Discovery Materials may be designated as Confidential by stamping or otherwise marking the document, the portion of the document or the Discovery Materials as "Confidential," as applicable. Documents also may be designated and treated as Confidential by letter from the producing party or counsel for the producing party enclosing or forwarding the production and designating the production as "Confidential."

4. <u>Designation of Deposition Testimony as Confidential</u>. Any party or person may designate any deposition testimony or any portion thereof (including exhibits) as Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within twenty (20) business days after actual receipt by counsel of the deposition transcript certified by the court reporter. All deposition transcripts shall be deemed "Confidential"

for the first twenty (20) business days after actual receipt by counsel of such deposition transcripts. The reporter shall also be advised to limit distribution of the transcripts to the Parties' counsel and the deponent (or his or her attorney).

5. <u>Subsequent Designation of Discovery Materials as Confidential</u>. Any Discovery Materials that are produced without being designated "Confidential" may be so designated, with respect to future disclosure, by the producing party or person or by any other party to the above-captioned case by sending a letter making such designation to each party who has received or produced such material. Disclosure of such material prior to its designation as "Confidential" shall not violate the terms of this Agreement, <u>provided</u>, <u>however</u>, that a person disclosing such material that is subsequently designated as "Confidential" shall use its best efforts to retrieve such material from the recipient(s) and prevent further disclosures except as authorized in this Agreement.

6. <u>Use of Confidential Discovery Materials</u>. Confidential Discovery Materials shall be used by the non-designating party or person only in preparation for and conduct of the above-captioned proceedings and/or the arbitration between the parties pending before the American Arbitration Association ("AAA"), Case 01-25-0001-5336 (the "Arbitration") (including use in briefs, memoranda, correspondence and other documents, in each matter, relating thereto) and shall not be used for any other purpose except upon written consent of the designating party or person or upon order of the Court. Nothing in this Agreement shall prevent any party or person from using or disclosing its own Confidential Discovery Materials as it deems appropriate.

7. <u>Restrictions on the Disclosure of Discovery Materials Designated as Confidential</u>. Confidential Discovery Materials and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

4

(a) counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) as reasonably necessary to assist such counsel in the conduct of these proceedings and/or the Arbitration;

(b) the parties and any trustees, service professionals, employees, or agents of the parties that are reasonably necessary to assist counsel in the conduct of these proceedings and/or the Arbitration;

(c) experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent deemed reasonably necessary by counsel for the conduct of these proceedings and/or the Arbitration;

(d) any person who is deposed or testifies in these proceedings and/or the Arbitration, or is to be deposed or testify in these proceedings, and counsel for such person, as reasonably necessary to prepare such person for their deposition or testimony;

(e) the Court (including court staff);

(f) the arbitrator in the Arbitration and the AAA staff in connection with the Arbitration;

(g) court reporters, deposition transcript reporters, and videographers; and

(h) other persons only upon consent of the designating party or person or upon order of the Court.

8. Prior to the disclosure of Confidential Discovery Materials to those persons or entities authorized under paragraphs 7(c), 7(d), and 7(g) of this Agreement to receive such Discovery Materials, the Parties will take all reasonable measures to protect the confidentiality of the Confidential Discovery Materials, including, but not limited to, attempting in good faith to obtain from a non-party witness and acknowledgment in writing, in the form attached hereto as Exhibit A, that such witness and his or her counsel have read this Agreement and agree to be bound by it and, in the event such non-party witness refuses to comply, raising the issue with the Court prior to disclosing any Confidential Discovery Materials.

9. <u>Inadvertent Production</u>.  If information subject to a claim of attorney-client privilege, work product or any other privilege is nevertheless inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled.  If a claim of inadvertent production is made, pursuant to this paragraph 9, with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made.

10. <u>Resolution of Challenges to Designations</u>.  Entering into, agreeing to or otherwise complying with the terms of this Agreement shall not:  (a) operate as an admission by any party that any particular Discovery Materials which have been designated "Confidential" contain or reflect proprietary or sensitive commercial or personal information or other confidential matter or confidential and/or proprietary information; (b) prejudice in any way the rights of any party to apply to the Court for an Order that information designated as "Confidential" need not be treated as Confidential; (c) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents that it considers not subject to discovery; (d) prejudice in any way the rights of a party to seek a determination of the Court that particular Discovery Materials should be produced; or (e) prejudice in any way the rights of a designating party or person to apply to the Court for a protective order.  No party to these proceedings is obliged to challenge the protected status of any Discovery Materials at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a non-designating party seeks to challenge the appropriateness of protected treatment of any Discovery Materials, such party shall consult in good faith with the

designating party or person in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the non-designating party may seek an order removing the "Confidential" designation from the disputed Discovery Materials. The non-designating party shall give no less than five (5) business days written notice to the designating party or person before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other Discovery Materials that counsel contends are not entitled to protection. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the Discovery Materials are properly designated as Confidential and are entitled to such protection. Any document, testimony or other Discovery Materials as to which such a motion is made shall continue to be treated as Confidential, as applicable, until the Court rules or the motion is otherwise resolved.

11. <u>Filing of Confidential Discovery Materials Under Seal</u>. In the event any Discovery Materials designated Confidential are included in, attached to, referred to, or are an exhibit to any brief, memorandum, affidavit, document or transcript which is filed with either the Court or the Clerk during the course of these proceedings, the party using such Discovery Materials shall file a single page marked "SEALED" in place of any such Discovery Materials the party seeks to file under seal, regardless of the actual length of the document. The party should simultaneously file a letter motion seeking leave to file the document under seal. No such filing or submission shall be deemed untimely by the Court by reason of any delay in receiving permission from the Court to make such filing or submission under seal as aforesaid provided, however, that a complete copy of the party's unredacted submission shall be served on the opposing party on the agreed to or scheduled date. A party may, but shall not be required to, file

or submit a redacted version (omitting the relevant Confidential Discovery Material) not under seal pending receipt of permission from the Court to file the unredacted version under seal.

12. <u>Use of Confidential Material In Court.</u>  Any Confidential Discovery Materials that are designated by any party may be offered into evidence in open court at trial unless the producing party obtains an appropriate protective order from the Court.  Use of any Confidential Discovery Materials in any court proceeding shall not waive the applicability of this Agreement as to such material.  Parties using Confidential Discovery Materials in open court shall use reasonable efforts to minimize disclosure to persons not authorized to see such material pursuant to paragraph 7 above, including by complying with paragraph 10 above.

13. <u>Receipt of Subpoena</u>:  If any party in possession of Discovery Materials designated "Confidential" under this Agreement receives a subpoena seeking production or other disclosure of such Confidential Discovery Materials, that party shall give timely written notice to counsel for the party or person who designated the Discovery Materials "Confidential" and shall enclose a copy of the subpoena.  Where possible at least ten (10) business days' notice before production or other disclosure should be given.

14. <u>Return of Discovery Materials</u>.  All Discovery Material produced or disclosed in this litigation shall remain the property of the party who produced the Discovery Material irrespective of how and in what form produced.  Upon final resolution of this litigation, the Arbitration, and any related court proceedings and appeals, all Discovery Materials (including all copies, excerpts and summaries thereof) shall, at the election of the party who produced such materials, be either returned or destroyed.  In the event that the party who produced the materials elects to have the materials destroyed, the party to whom the Discovery Material was produced shall provide such party with a written certification, signed by a member of the bar, attesting that

the material was destroyed. Subject to the foregoing and absent written permission of the party disclosing the Discovery Material, the provisions of this Agreement shall continue to be binding after the conclusion of this litigation.

15. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of New York as to all matters, including, but not limited to, matters of validity, construction, effect and performance, without regard to conflict of law principles.

16. <u>Jurisdiction and Venue</u>. The Parties agree to be subject to the personal jurisdiction of the federal courts of the State of New York with regard to the enforcement or breach of this Agreement. Venue of any proceedings in connection with the enforcement or breach of this Agreement shall be in New York, New York. The Parties agree not to contest jurisdiction or venue if it is New York, New York.

17. <u>No Oral Modification.</u> This Agreement may not be modified, except by written agreement, executed by counsel for the Parties.

18. <u>Negotiated Agreement</u>. The Parties acknowledge that this Agreement has been negotiated and that none of the terms or provisions shall be construed against any party on the basis that such party or counsel for such party drafted this Agreement.

19. <u>Counterparts</u>. This Agreement may be executed in counterparts. Each counterpart when executed shall be deemed an original, and all shall constitute the same instrument.

20. <u>Terms Survive</u>. The terms of this Agreement shall survive the termination of the above-captioned proceedings.

21. <u>Headings</u>. The headings in this Agreement are for convenience only and shall not define or limit any of the terms of provisions hereof.

| | |
|---|---|
| SCHULTE ROTH & ZABEL LLP | BRYAN CAVE LEIGHTON PAISNER LLP |
| By: */s/ Ronald E. Richman* <br>      Ronald E. Richman <br>      Andrew B. Lowy | By: */s/ Matias Gallego-Manzano* <br>      Matias Gallego-Manzano |
| 919 Third Avenue <br>New York, New York 10022 <br>(212) 756-2000 <br>*Counsel for Plaintiffs* | 1290 Avenue of the Americas <br>New York, New York 10104 <br>(212) 541-2000 <br>*Counsel for Defendants* |

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:     April 21, 2025           SO ORDERED:
           New York, New York

*Katherine Polk Failla*

The Honorable Katherine Polk Failla
United States District Judge